UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHERRI L. SAUNDERS AND | : | |
| SHELLI L. MCDOUGAL, | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:11-cv-1817 (VLB) |
| PRINCIPAL RESIDENTIAL MORTGAGE, INC., | : | |
| MORTGAGE ELECTRONIC REGISTRATION | : | |
| SYSTEMS, INC., CITIMORTGAGE, INC., | : | |
| NICOLE M. FITZGERALD, ROBERT J. | : | |
| WICHOWSKI, BENDETT & MCHUGH, P.C., | : | |
| JOHN BARRACATO, JR., TIMOTHY J. BENNETT, | : | |
| MICHAELSON, CONNOR AND BOUL, AND | : | |
| U.S. DEPARTMENT OF HOUSING AND URBAN | : | |
| DEVELOPMENT, | : | |
| Defendants. | : | September 20, 2012 |

MEMORANDUM OF DECISION GRANTING DEFENDANTS' MOTIONS TO DISMISS
[Dkt. #s 23, 25, 27, 28, 42]

I.      Introduction

The Plaintiffs, Sherri Lee Saunders ("Saunders") and Shelli L. McDougal

("McDougal"), proceeding pro se, bring this action against Defendants Principal

Residential Mortgage, Inc. ("PRM"), Mortgage Electronic Registration Systems,

Inc. ("MERS"), CitiMortgage, Inc. ("CitiMortgage"), Nicole M. Fitzgerald

("Fitzgerald"), Robert J. Wichowski ("Wichowski"), Bendett & McHugh, P.C., John

Barracato, Jr. ("Barracato"), Timothy J. Bennett ("Bennett"), Michaelson, Connor

and Boul, and the United States Department of Housing and Urban Development

("HUD") alleging fraud, conversion, lack of contract, defendants' lack of standing,

1

violations of the Truth in Lending Act ("TILA"), the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and the securities laws, and a right to rescission of the mortgage contract. Defendants have moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted, and pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. For the reasons that follow, Defendants' motions to dismiss are GRANTED.

## II.    Factual Background

The following facts and allegations are taken from Plaintiffs' pro se complaint, which the Court reads and construes liberally. On November 5, 2003 Plaintiffs "signed a Note for $111,550.00 with the intension [sic] that the Note was payment to purchase Plaintiffs' home" at 14 Woolam Rd., East Windsor, Connecticut. [Dkt. 1, Compl. at ¶ 2] Plaintiffs allege that, at the time the note was signed, defendant PRM "failed to make full disclosure as to their intention of how Plaintiffs' Note was to be used" and shortly thereafter "made a fraudulent conversion of" the note. [Dkt. 1, Compl. at ¶¶ 2, 4] Plaintiffs further allege that no contract existed because "[t]he only party that signed the Note and the Warranty deed were Sherri Lee Saunders and Shelli Lynn McDougal. There was no representative of the alleged Lenders at the Closing," and also that PRM "was never the lender" of the Note, but rather "the only lenders were the Plaintiffs" and thus no principal is due. [Dkt. 1, Compl. at ¶¶ 5, 15, 17, 18] Additionally, Plaintiffs contend that defendants generally have committed fraud, "do not have standing since they do not have the wet-ink Mortgage Note and the Warranty deed or the

2

Securities to be holder in due course," have violated the RICO and securities laws "by attempting to fraudulently take over Plaintiff's [sic] real property and presenting false documents to the Court," and have violated the Truth in Lending Act by failing to provide forms informing Plaintiffs about their alleged right to rescission of the contract. [Dkt. 1, Compl. at ¶¶ 9, 12, 22] Plaintiffs claim "possessory rights and property interest in the Note and its proceeds" and seek to "rescind negotiation of the transaction." [Dkt. 1, Compl. at ¶¶ 19, 21]

III.   **Standard of Review**

   a.  **Motion to Dismiss**

"'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Sarmiento v. U.S.*, 678 F.3d 147 (2d Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  While Rule 8 does not require detailed factual allegations, "[a] pleading that offers 'labels and conclusions' or 'formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citations and internal quotations omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 557 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citations omitted).

3

In considering a motion to dismiss for failure to state a claim, the Court should follow a "two-pronged approach" to evaluate the sufficiency of the complaint. *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010). "A court 'can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 129 S.Ct. at 1949-50). "At the second step, a court should determine whether the 'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. 679).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (internal quotations omitted).

In general, the Court's review on a motion to dismiss pursuant to Rule 12(b)(6) "is limited to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). The Court may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir.1993); *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp. 2d 140, 144 (D. Conn. 2005)(MRK).

## IV.    Discussion

### Defendants HUD, Bennett, Barracato, Fitzgerald, Wichowski, Bendett & McHugh, P.C., and Michaelson, Connor & Boul

Defendants HUD, Bennett, Barracato, Fitzgerald, Wichowski, and Bendett & McHugh, P.C., move to dismiss Plaintiffs' complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted because the complaint fails to allege facts sufficient to demonstrate any wrongdoing by Defendants. As Plaintiffs are proceeding pro se, the Court must liberally construe Plaintiffs' submissions. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) ("This policy of liberally construing pro se submissions is driven by the understanding that implicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training") (internal quotation marks and citation omitted). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and quotation omitted).

Here, even construing the complaint liberally, the Court finds that Plaintiffs have failed to allege facts sufficient to allow the Court to reasonably infer that the above Defendants are liable for the various offenses Plaintiffs allege. Indeed, Plaintiffs fail to allege *any* connection between the above Defendants, the mortgage note at issue, and the wrongs Plaintiffs claim. The complaint asserts that Plaintiffs signed a note with PRM as payment to purchase Plaintiffs' home, that defendant PRM failed to make full disclosure about how that note was to be used, and that "Defendant [PRM] shortly after receiving Plaintiff's Note made a fraudulent conversion of Plaintiff's Note." [Dkt. 1, Compl. at ¶ 4] The complaint

5

fails to mention what involvement, if any, HUD, Bennett, Barracato, Fitzgerald, Wichowski, Bendett & McHugh, P.C., or Michaelson, Connor & Boul had with the note that Plaintiffs signed with PRM or with the unlawful acts that they allege stemmed from the signing of this note. In fact, Plaintiffs do not cite Defendants HUD, Michaelson, Connor & Boul, Barracato or Barnett in the complaint at all but rather only include them in the caption of the action. The only defendants other than PRM specifically noted in the complaint are Fitzgerald, Wichowski and Bendett & McHugh, P.C., and only in connection with Plaintiffs' bare assertion that they committed "fraud on the court," devoid of any facts or assertion to corroborate this claim. [Dkt. 1, Compl. at ¶ 10] In sum, Plaintiffs have simply not included any facts that would establish the involvement of any of the above Defendants in any act giving rise to liability for Plaintiffs' claims.

Additionally, Defendant HUD argues that Plaintiffs' tort claims against it should be dismissed for lack of jurisdiction under F.R.C.P. 12(b)(1) as the Plaintiffs have failed to file an administrative claim with HUD before filing this suit. The Court agrees. Plaintiffs allege various torts against Defendants (although never specifically against HUD), including fraud and conversion. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). "A waiver of sovereign immunity must be 'unequivocally expressed' in statutory text." *F.A.A. v. Cooper*, 132 S. Ct. 1441, 1448 (2012). Based on Plaintiffs' tort claims, the Federal Tort Claims Act ("FTCA") provides a waiver of sovereign immunity available to Plaintiffs. The FTCA provides that

> the district courts . . . shall have exclusive jurisdiction of
> civil actions on claims against the United States, for
> money damages, . . . for injury or loss of property, or
> personal injury or death caused by the negligent or
> wrongful act or omission of any employee of the
> Government while acting within the scope of his office
> or employment, under circumstances where the United
> States, if a private person, would be liable to the
> claimant *in* accordance with the law of the place where
> the act or omission occurred.

28 U.S.C. § 1346(b)(1). The FTCA also, however, requires a plaintiff to file an

administrative tort claim with the government before filing suit:

> An action shall not be instituted upon a claim against
> the United States for money damages for injury or loss
> of property or personal injury or death caused by the
> negligent or wrongful act or omission of any employee
> of the Government while acting within the scope of his
> office or employment, unless the claimant shall have
> first presented the claim to the appropriate Federal
> agency and his claim shall have been finally denied by
> the agency in writing and sent by certified or registered
> mail. The failure of an agency to make final disposition
> of a claim within six months after it is filed shall, at the
> option of the claimant any time thereafter, be deemed a
> final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). Failure to exhaust these administrative remedies precludes a

claimant from filing suit. See *Bakowski v. Hunt*, 150 Fed. Appx. 19 (2d Cir. Sept.

21, 2005) (holding that pro se plaintiff's tort claims were barred for failure to

exhaust administrative remedies under the FTCA); *Liebers v. St. Albans Medical*

*Center*, 7 Fed. Appx. 24 (2d Cir. Mar. 23, 2001) (holding same); *Sarvis v. U.S.*, 234

F.3d 1262 (2d Cir. 2000) (holding same). In this action, Plaintiffs do not allege that

they have filed an administrative tort claim with HUD and HUD has received no

such claim.[1] Thus, Plaintiffs' claims against HUD are dismissed for lack of subject matter jurisdiction.

Lastly, Plaintiffs' fraud claim against HUD must likewise be dismissed for lack of jurisdiction. 28 U.S.C. § 2680 enumerates certain exceptions to the FTCA's waiver of sovereign immunity, including "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, *misrepresentation, deceit, or interference with contract rights.*" 28 U.S.C. § 2680(h) (emphasis added). Plaintiffs claim that defendants "made a fraudulent conversion of" the note and have generally committed fraud. [Dkt. 1, Compl. at ¶¶ 4, 9] These claims sound solidly in fraud, which is specifically exempted from waiver of sovereign immunity. Therefore, as HUD is immune from liability by sovereign immunity, the court dismisses Plaintiffs' fraud claims against HUD.

In sum, the complaint contains no description of facts upon which the Plaintiffs may base their claims against Defendants HUD, Bennett, Barracato,

---

[1] HUD submits as proof a Declaration of Miniard Culpepper, Regional Counsel for the New England Region for the United States Department of Housing and Urban Development and the party responsible for supervising the review and processing of all tort claims filed with HUD. Culpepper declares that "A search of the files in my office has been conducted. Based on this search, and to the best of my knowledge, we have no record the named Plaintiffs . . . have filed a claim for injury or damages with the U.S. Department of Housing and Urban Development." [Dkt. 23-2, Declaration of Miniard Culpepper] The Court takes notice of this Declaration in analyzing this jurisdictional dispute. "On a Rule 12(b)(1) motion challenging the district court's subject matter jurisdiction, the court may resolve the disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits, and if necessary, hold an evidentiary hearing." *Zappia Middle East Const. Co. Ltd. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000) (internal quotation marks and citations omitted).

Fitzgerald, Wichowski, and Bendett & McHugh, P.C. A complaint tendering only "'naked assertion[s]' devoid of 'further factual enhancement'" must fail. *Iqbal*, 556 U.S. at 678 (citations and internal quotations omitted). Therefore, the complaint is dismissed as to Defendants HUD, Bennett, Barracato, Fitzgerald, Wichowski, and Bendett & McHugh, P.C. The complaint is likewise dismissed as against defendant Michaelson, Connor & Boul in accordance with Federal Rule of Civil Procedure 4(m) as the Plaintiffs have not served this defendant within 120 days of filing the complaint,[2] and as against HUD for lack of subject matter jurisdiction.

<u>Res Judicata</u>

Defendants CitiMortgage, MERS, Fitzgerald, Wichowski, and Bendett & McHugh further argue that dismissal is proper under F.R.C.P. 12(b)(6) because Plaintiffs' claims are barred under the doctrine of *res judicata*, predicated on a prior foreclosure action filed against Plaintiffs in Connecticut Superior Court in 2010. Under both Connecticut and federal law, the doctrine of *res judicata* provides that "a final judgment, when rendered on the merits, is an absolute bar to a subsequent action, between the same parties or those in privity with them, upon the same claim." *Dontigney v. Roberts*, 73 Conn. App. 709, 710 (Conn. App. Ct. 2002); *Mazziotti v. Allstate Ins. Co.*, 240 Conn. 799, 812 (Conn. 1997). See also

---

[2] F.R.C.P. 4(m) provides that "If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1)."

*Vandever v. Emmanuel*, 606 F.Supp.2d 253, 254 (D. Conn. 2009) ("*Res judicata,* or claim preclusion, means that a party may not split causes of action that 'could be brought and resolved together.'") (quoting *Nestor v. Pratt & Whitney,* 466 F.3d 65, 70 (2d Cir.2006)). "This doctrine means that once a case reaches a final judgment on the merits, the parties cannot later relitigate the issues that were raised or could have been raised in that earlier case." *Vandever*, 606 F.Supp.2d at 254. *See also Waldman v. Village of Kiryas Joel*, 207 F.3d 105, 110-11 (2d Cir. 2000) (It is well-established that "a plaintiff cannot avoid the effects of res judicata by 'splitting' his claim into various suits, based on different legal theories (with different evidence 'necessary' to each suit)"); *Chien v. Skystar Bio Pharmaceutical Co.*, 623 F. Supp. 2d 255, 260 (D. Conn. 2009) (MRK) (res judicata "bars not only those claims or legal theories that were asserted in the prior action, but also those legal claims or theories that could have been asserted, regardless whether they were in fact raised by the parties, so long as they arise from the same transaction that formed the basis of the prior action.") (internal quotation marks and citations omitted). Res judicata "prevents the subsequent litigation of any ground of recovery that was available in the prior action, whether or not it was actually litigated or determined." *Chien*, 623 F. Supp. 2d at 260 (quoting *Balderman v. U.S. Veterans Admin.*, 870 F.2d 57, 62 (2d Cir.1989)).

Connecticut has adopted a transactional test for determining whether an action involves the same claim as a prior action such that res judicata applies. *Weiss v. Weiss*, 297 Conn. 446, 461 (Conn. 2010). "The transactional test measures the preclusive effect of a prior judgment, which includes any claims

relating to the cause of action that were actually made or might have been made." *Legassey v. Shulansky*, 28 Conn. App. 653, 656 (Conn. App. Ct. 1992) (quoting *Vakalis v. Kagan*, 18 Conn. App. 363, 367 (Conn. App. Ct. 1989)). In implementing this test, courts consider the "group of facts which is claimed to have brought about an unlawful injury to the plaintiff . . . and [have] noted that even though a single group of facts may give rise to rights for several different kinds of relief, it is still a single cause of action." *Weiss*, 297 Conn. at 461-62. See also *Lighthouse Landings, Inc. v. Connecticut Light and Power Co.*, 300 Conn. 325, 349 (Conn. 2011) (quoting same).

The present action involves the same nucleus of operative fact that formed the basis for a state court foreclosure action instituted against Plaintiffs in 2010 and for which a final judgment was entered in 2011 (the "Foreclosure Action").[3] To secure the note Plaintiffs reference in this action, Plaintiffs mortgaged their home to MERS, as nominee for PRM. Thereafter, the mortgage was assigned to CitiMortgage. On April 5, 2010, CitiMortgage (through counsel Bendett & McHugh) filed a foreclosure action against Plaintiffs in Connecticut Superior Court based on Plaintiffs' failure to pay monthly installments on the note. [Dkt. 27-6, Exh. 3, p.13] In response to CitiMortgage's complaint in the Foreclosure Action,

---

[3] **The Court takes judicial notice of the records and pleadings of the Connecticut Superior Court pertaining to the action styled as *CitiMortgage v. Saunders*, et al, docket number HHD-CV10-6009654-S, filed in the Superior Court for the state of Connecticut, judicial district of Hartford. "[I]n considering a res judicata defense, a court may judicially notice prior pleadings, orders, judgments, and other items appearing in the court records of prior litigation that are related to the case before the Court." *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp. 2d 140 (D. Conn. 2005) (MRK) (taking judicial notice of pleadings filed in state superior and appellate court in claim for dismissal based on res judicata); *Hackett v. Storey*, No. 3:03CV395, 2003 WL 23100328, at *2 (D. Conn. Dec. 30, 2003)(JBA).**

Saunders, appearing pro se, filed both an Answer and a document entitled "Proofs of Claim Plaintiff Is Required to Provide Defendant" in which Saunders demanded that CitiMortgage "provide proof of claim as to any fraud on the contract, or to an unconscionable contract or to determine a meeting of the minds" on the mortgage note. [Dkt. 27-6, Exh. 7, pgs. 29-30]

On May 4, 2010, Saunders filed a "Motion for Dismissal" of the Foreclosure Action, alleging that CitiMortgage lacked standing to invoke the state court's jurisdiction, CitiMortgage did not own the note or the mortgage, CitiMortgage "did not provide full disclosure to defendant" (apparently under the Truth in Lending Act and the Fair Debt Collection Practices Act), no contract existed because CitiMortgage had failed to provide "legal consideration at any time," CitiMortgage was not a party in interest, and CitiMortgage engaged in fraud. [Dkt. 27-6, Exh. 8, pgs. 36-39] Saunders requested dismissal of the Foreclosure Action, release of any liens on the property at issue, and "Money damages against Bernard D. McMahon, Bendett & McHugh, P.C. and CitiMortgage, Inc. for wrongful prosecution, coercion, embezzlement, fraud, impeding commerce, conspiracy, constitutional impermissible application of statute, slander and theft." [*Id.*] CitiMortgage (by its counsel Robert Wichowski of Bendett & McHugh) submitted an objection to Saunders' Motion for Dismissal on May 18, 2010 and on May 26, 2010, the Honorable Jane S. Scholl denied the Motion for Dismissal. [Dkt. 27-6, Exhs. 10, 11]. On June 3, 2010 CitiMortgage filed a motion for summary judgment as to Saunders in response to her Answer, contending that it had made out a prima facie case that it was the owner of the note and the mortgage and that the

borrower had defaulted on the note. [Dkt. 27-6, Exh. 12, pg. 85] Saunders failed to file an objection to this motion. On June 24, 2010, the Honorable Robert Satter granted CitiMortgage's motion. [Dkt. 27-7, Exh. 13, p. 13]

Saunders filed her second motion to dismiss the Foreclosure Action on June 9, 2010, on the grounds that "this admiralty court does not have jurisdiction over this matter," that the Superior Court is not a "Common Law Court" and thus lacked jurisdiction, and that she had transferred the property in question into an inter vivos trust. [Dkt. 27-7, Exh. 14, p. 15] CitiMortgage filed an objection on June 16, 2010 and the court denied Saunders' second motion to dismiss on June 22, 2010. [Dkt. 27-7, Exh. 15, p. 20; Exh. 16, p. 22] On July 13, 2010 CitiMortgage filed a motion for default against Saunders for failure to appear, which was granted by the clerk on July 21, 2010. [Dkt. 27-7, Exh. 19, p. 56; Exh. 20, p. 59] Saunders then filed a "Motion to Recuse Judge Satter" on July 23, 2010, alleging partiality toward CitiMortgage, refusal to observe ethical rules and, again, the court's lack of jurisdiction over the Foreclosure Action. [Dkt. 27-7, Exh. 22, p. 64]

CitiMortgage filed a motion for judgment of strict foreclosure and finding of entitlement to possession on August 2, 2010, which the Honorable Judge Julia Aurigemma granted on April 11, 2011. [Dkt. 27-9, Exh. 23, p. 6; Exh. 24, p. 16] The court set a law day for June 6, 2011. On April 7, 2011, Saunders again filed a motion to dismiss the Foreclosure Action on the basis that the court did not have subject matter jurisdiction ("This Court, the Judge, Hartford County, the State of Connecticut, the US, CitiMortgage, Inc., corporations, etc are fiction operating on the Public side of the venue that is bankrupt."), that there was no contract

between Saunders and the judge and thus no valid foreclosure action, that CitiMortgage could not produce the original "wet ink Mortgage Note" and so it could not prove possession of the note, and that CitiMortgage failed to "make full disclosure of what transpired at the Closing and what occurred after the Closing." [Dkt. 27-9, Exh. 32, p. 55] CitiMortgage objected to Saunders' motion and the court denied the motion on April 25, 2011. [Dkt. 27-9, Exh. 34, p. 61; Exh. 33, p. 59] Saunders filed a last objection on April 18, 2011 alleging that she was not a defendant in the Foreclosure Action, but rather an "Authorized Representative and Attorney-In-Fact on behalf of SHERRI L SAUNDERS ©," apprising the court further that "I am real and exist in a real world. My RES (land and house) cannot be foreclosed upon. They are real. The Judge, Attorney Robert J Wichowski, this Court, the City of Hartford, etc are fiction. You operate in a bankrupt world. I on the other hand operate in the real world. Your 'color of law' does not apply to me. However, they operate upon you. You need to know the difference." [Dkt. 27-9, Exh. 37, p. 82]

CitiMortgage submitted an Application and Execution for Ejectment Mortgage Foreclosure, which was granted on June 29, 2011. [Dkt. 27-9, Exh. 40, p. 93] Saunders filed a motion to open judgment (again citing lack of jurisdiction and standing) on July 28, 2011, attempting to compel CitiMortgage to produce documents as to their standing to bring the Foreclosure Action[4] and again alleging fraud. [Dkt. 27-9, Exh. 41, p. 97; Dkt. 27-10, Exh. 41 (cont'd), p. 1] Judge

---

[4] The list of documents that Saunders requested in this state court filing is identical to the list of documents Plaintiffs requested in their complaint in the district court action.

Aurigemma denied Saunders' motion to open on August 15, 2011, and sustained CitiMortgage's objection to the motion. [Dkt. 27-12, Exh. 42, p. 89, Exh. 44, p. 96] Plaintiffs did not appeal the entry of judgment or the denial of Ms. Saunders' motion to open.

All of the claims asserted in the instant action were either raised, or could have been raised, in the Foreclosure Action against Plaintiffs in Connecticut Superior Court and are thus precluded based on the doctrine of res judicata. The same transaction at issue in the Foreclosure Action is also at issue in this action. All of Plaintiffs' allegations stem from the mortgage note between Plaintiffs and PRM executed in 2003 and the subsequent foreclosure on that note. Indeed, Plaintiffs' complaint in this action contains identical allegations to several of Plaintiffs' filings in the Foreclosure Action. For example, Plaintiffs specifically raised the issue of CitiMortgage's standing to bring the Foreclosure Action in their first Motion for Dismissal in superior court and again in several filings subsequent thereto. In its order denying this first Motion for Dismissal, the Connecticut superior court specifically ruled that CitiMortgage had standing to bring a foreclosure action. [Dkt. 27-6, Exh. 11, p. 81] Likewise, although Saunders repeatedly argued that no mortgage contract existed and CitiMortgage had failed to provide legal consideration for the contract – claims that Plaintiffs also raise in this action – the superior court ultimately entered a judgment of strict foreclosure on Plaintiffs' property on a finding that CitiMortgage had made out a prima facie case that it was the owner of the note and the mortgage and that the borrower had defaulted. [Dkt. 27-7, Exh. 13, p. 13]. Thus, this Court may not provide a

second forum to litigate Plaintiffs' claims of fraud, standing, lack of a contract, conversion, or lack of disclosure. Additionally, Plaintiffs are barred from raising claims in this action that could have been brought in the prior Foreclosure Action. Therefore, Plaintiffs' RICO, TILA and securities violation claims and their claim for rescission of the mortgage contract, all of which arise from the same mortgage transaction as in the superior court case and none of which were explicitly raised in the Foreclosure Action, are barred from relitigation in this Court.[5]

Furthermore, the Foreclosure Action constituted a final adjudication on the merits, thus barring the instant action in federal court. Courts in this circuit have held, and the Second Circuit has affirmed, that a foreclosure proceeding may constitute an adjudication on the merits. In *Swiatkowski v. CitiBank*, the plaintiff

---

[5] The Court notes that even if res judicata does not bar Plaintiffs' TILA claim and demand for rescission of the contract under TILA, TILA does not provide a right of rescission for residential mortgages. "TILA provides a cause of action for consumers to obtain actual or statutory damages for a creditor's failure to comply with its disclosure requirements. And for certain kinds of transactions, TILA provides consumers with a 'right to rescind the transaction' until the later of; (1) three days following the consummation of the transaction; or (2) the time of delivery of forms for the consumer to exercise the right to rescind, for a period of up to three years. TILA requires creditors to 'clearly and conspicuously disclose' the consumer's right of rescission." *Derisme v. Hunt Leibert Jacobson P.C.*, No. 3:10cv23(VLB), --- F. Supp. 2d ---, 2012 WL 3000386, at *22 (D. Conn. July 23, 2012) (quoting 15 U.S.C. §§ 1635(a), (f), 1640(a); further internal citations omitted). TILA, however, exempts from its application a "residential mortgage transaction as defined in section 1602(w) of this title." 15 U.S.C. § 1635(e)(1). A residential mortgage transaction is defined as a "transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." 15 U.S.C. § 1602(w). Here, Plaintiffs' Note falls into TILA's exemption for a residential mortgage transaction. See *Derisme*, 2012 WL 3000386 at *22 (holding that plaintiff mortgagor's claim for rescission under TILA was barred as a residential mortgage).

debtor/mortgagor brought claims against the creditor/mortgagee alleging violations of the mortgagor's rights under the First, Fifth, Sixth, Thirteenth, Fourteenth, and Fifteenth Amendments to the Constitution, as well as RICO violations, after having suffered a judgment of foreclosure and several foreclosure actions against her in trial court, and having attempted to remove these actions to federal court on several occasions after the judgment of foreclosure had entered. 745 F. Supp. 2d 150 (E.D.N.Y. 2010). The Eastern District of New York held that plaintiff's claims were barred in their entirety on res judicata and collateral estoppel grounds, find that "the earlier state court action, which included a Final Judgment of Foreclosure and Sale, was a 'previous adjudication on the merits.'" *Id.* at 171. Specifically, the court noted that "[m]any of the factual allegations plaintiff raises in opposition to the instant motion to dismiss involve issues that could have been raised as claims or defenses in the state court [foreclosure] proceedings." *Id.* at 172. After reviewing the record de novo, the Second Circuit affirmed the *Swiatkowski* court's holding that plaintiff's claims were barred. *Swiatkowski v. CitiBank*, 446 Fed. Appx. 360 (2d Cir. Nov. 16, 2011). Courts in other cases have similarly held that a state court ruling of foreclosure constitutes an adjudication on the merits for purposes of res judicata. See *Anyanwutaku v. Fleet Mortg. Group, Inc.*, 85 F. Supp. 2d 566, 571 (D. Md. 2000) (holding that res judicata barred plaintiff's claims of fraud, conversion, and Constitutional violations stemming from earlier foreclosure proceedings in state court; "[t]he basis of both state proceedings and this proceeding are the factual and legal circumstances surrounding the foreclosure action at issue."); *Done v.*

*Wells Fargo Bank, N.A.*, No. 08–CV–3040 (JFB)(ETB), 2009 WL 2959619 (E.D.N.Y. Sept. 14, 2009) (dismissing plaintiff's challenge to a foreclosure action on res judicata and Rooker-Feldman grounds, where plaintiff alleged fraud, conspiracy, racketeering, and that mortgage holder lacked standing to foreclose because it was not the owner of the mortgage note at time of foreclosure); *Chestnut v. Wells Fargo Bank, N.A.*, No. 10-cv-4244, 2011 WL 838914 (E.D.N.Y. Mar. 2, 2011) (holding that the "state court foreclosure judgment was a final judgment on the merits. . . and every one of Plaintiffs' claims were, or could have been, raised as claims or defenses in the previous action"). As in *Swiatkowski*, the superior court in the Foreclosure Action at the heart of this case issued a final ruling as to foreclosure when it granted CitiMortgage's Application and Execution for Ejectment on June 29, 2011, after more than fourteen months of litigation in state court. [Dkt. 27-9, Exh. 40, p. 93] After the superior court granted CitiMortgage's Application, Saunders filed a motion to open the judgment, which the court denied on August 15, 2011. [Dkt. 27-12, Exh. 42] Plaintiffs did not appeal the entry of judgment or the denial of the motion to open. The Foreclosure Action, consequently, constituted an adjudication on the merits.

Lastly, the current action involves the same parties, or those in privity with them, as in the state court Foreclosure Action. "[T]he principle of privity bars relitigation of the same cause of action against a new defendant known by a plaintiff at the time of the first suit where the new defendant has a sufficiently close relationship to the original defendant to justify preclusion." *Central Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.,* 56 F.3d 359, 367-68 (2d

Cir.1995). "The privity requirement exists to ensure that the interests of the party against whom collateral estoppel [or res judicata] is being asserted have been adequately represented because of his purported privity with a party at the initial proceeding.... A key consideration in determining the existence of privity is the sharing of the same legal right by the parties allegedly in privity...." *Tibetts v. Stempel*, 354 F.Supp.2d 137, 148 (D. Conn. 2005) (internal quotation marks and citation omitted). See also *Mazziotti v. Allstate Ins. Co.*, 240 Conn. 799, 813 (Conn. 1997) ("A key consideration in determining the existence of privity is the sharing of the same legal right by the parties allegedly in privity."); *Monahan*, 214 F.3d at 285 ("a party will be bound by the previous judgment if his interests were adequately represented by another vested with the authority of representation"). Therefore, "one whose interests were adequately represented by another vested with the authority of representation is bound by the judgment, although not formally a party to the litigation." *Expert Elec., Inc. v. Levine*, 554 F.2d 1227, 1233 (2d Cir. 1977).

Here, Bendett & McHugh, Fitzgerald, Wichowski, PRM and MERS are each in privity with CitiMortgage, the plaintiff in the state Foreclosure Action. Thus, the claims against them must be dismissed under the doctrine of res judicata to the same extent that such claims are dismissed as against CitiMortgage. Plaintiffs originally mortgaged their home in 2003 to MERS as nominee for PRM. Thereafter, the mortgage was assigned to CitiMortgage. Thus, all three entities are in privity as each has taken on a creditor/mortgagee role with respect to Plaintiffs' mortgage note in this action and so share the same legal rights. Indeed, PRM and

CitiMortgage are in direct privity, as PRM assigned the note at issue to CitiMortgage. As counsel for CitiMortgage in the state court Foreclosure Action, Bendett & McHugh, and employees Fitzgerald and Wichowski (Wichowski, as counsel, authored several of CitiMortgage's pleadings in the Foreclosure Action), likewise share a legal interest with CitiMortgage and were direct agents of CitiMortgage in the Foreclosure Action. Consequently, the claims against each of the foregoing defendants is barred on the basis of res judicata. Here, Plaintiffs' attempt to obtain judgment against a set of Defendants in privity with CitiMortgage in their Foreclosure Action does not entitle them to revive claims that were or could have been asserted in the Foreclosure Action.

In sum, the Court concludes there was a prior adjudication on the merits, that the claims asserted in the current action were raised, or could have been raised, in the Foreclosure Action, and that there is privity between CitiMortgage and PRM, MERS, Fitzgerald, Wichowski, and Bendett & McHugh, P.C. Consequently res judicata bars all of Plaintiffs' claims in the current action against these defendants. The Defendants have made several other alternative arguments as to why this action should also be dismissed.  However, the Court need not address those arguments in light of its conclusion that res judicata applies.

V.    Conclusion

For the foregoing reasons, the Defendants' motions to dismiss [Dkt.## 23, 25, 27, 28, 42]  are GRANTED. The Court dismisses the Plaintiffs' complaint in its entirety against all Defendants. The Clerk is directed to close the case.

IT IS SO ORDERED.
_____/s/_____
Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: September 20, 2012